### BURRILL HOPKINS *v.* ROXALANA BROWN.

Where a writ of replevin, on trial, in which the defendant is entitled to have the plaintiff nonsuited, is, upon motion, dismissed for want of jurisdiction, to which dismissal the defendant was not entitled, a court of error cannot, upon exceptions, construe such a dismissal to be a nonsuit, for the sake of upholding a judgment against the plaintiff, for the return and restoration of the goods and chattels replevied, and for damages for the detention of the same.

If a cause be dismissed for want of jurisdiction, no judgment can be rendered for the defendant, even for costs.

REPLEVIN for a " gray Canadian mare," about seven years old, and of the value of forty-five dollars, alleged, in the writ, to have been taken and detained by the defendant in the town of Warwick. The parties were both resident in the town of West Greenwich.

The writ was issued by William R. Remington, Esq., a justice of the peace of the town of Warwick; and upon trial before him,

on the 28th day of May, 1858, judgment was rendered against the defendant, who thereupon appealed to the court of common pleas for the county of Kent. The defendant pleaded: *first*, property in herself; and *second*, non cepit; upon both which pleas, issue was joined to the country.

At the trial of these issues in the common pleas, at the August term, 1858, before Shearman, Justice, with a jury, although the plaintiff proved the taking by the defendant, he offered no evidence proving, or tending to prove, that the taking took place in the town of Warwick,—the place of residence of the justice who issued the writ; whereupon, the defendant— the writ showing that both parties resided in West Greenwich—moved, that the case be withdrawn from the jury, and dismissed, for want of jurisdiction in the justice issuing the writ. The court granted the motion, dismissed the action, and, upon further motion, rendered judgment, for a return and restoration, and seven dollars damages for detention, of the property replevied.

The case came before this court upon exceptions filed by the plaintiff to the above order of dismissal and judgment.

*Cozzens*, for the plaintiff:—

1st. The defendant admitted the jurisdiction of the court, by her pleas in the justices' court and court of common pleas.

2d. There is no plea to the jurisdiction, or in abatement; and, on the face of the pleadings, the court had jurisdiction.

3d. The question as to the jurdisdiction of inferior courts, is to be reviewed and determined by the supreme court. *State* v. *Scott*, 1 Bailey, 204.

4th. If the court had no jurisdiction, the judgment for costs, damages, return and restoration, is erroneous. *Williams* v. *Blunt*, 2 Mass. 207; *Thomas* v. *White*, 12 Ib. 370; *Clark* v. *Rockwell*, 15 Ib. 221; *Maxfield* v. *Levy*, 4 Dall. 338.

*B. N. Lapham*, for the defendant:—

All suits in justices' courts must be brought in the town where the plaintiff and defendant, or the defendant, lives, or is to be found, (Rev. Stats: p. 399, ch. 168, § 2,) unless otherwise specially provided. It is provided, that a justice of the peace may issue a writ of replevin, &c., when the goods and chattels

are under the value of fifty dollars, and are taken, detained, or attached in the town where the justice lives. Rev. Stats. p. 522, ch. 208, § 13. On the trial of the case, the plaintiff offered no evidence tending to prove that the mare was taken, detained, or attached in the town of Warwick, as the bill of exceptions shows, and closed his case. The judge ordered it dismissed, because the plaintiff had not proved a case within the jurisdiction of a justice of the peace in the town of Warwick, and gave judgment for a return and restoration, &c. This was in effect a nonsuit. Even allowing that the court had jurisdiction, the defendant was entitled to judgment, because it was incumbent on the plaintiff to prove the taking, as alleged. The court rendered the proper judgment. Rev. Stats. p. 120, ch. 208, §§ 7 and 9. If the court had not given judgment for a return and restoration, the plaintiff would have had the defendant's property, and the defendant would have had no remedy provided by the court. The jurisdiction of the court could not be pleaded to, because the want of jurisdiction did not appear until the plaintiff's proof was in.

BRAYTON, J. The *first* question is, whether the justice of the peace, before whom the action was originally brought, had jurisdiction of the cause; and whether, for want of such jurisdiction, the court of common pleas was justified in dismissing the suit.

By the Revised Statutes, ch. 208, § 13, it is provided, that " justices of the peace shall have power to issue writs of replevin, where the goods and chattels to be replevied are of fifty dollars value or less, if they were taken, attached, or detained, in the town in which the justice dwells who issues the writ;" and they are empowered " to try the same, and award execution therein." This jurisdiction is given to them, irrespective of the residence of the parties. If the property is taken or detained in the town where the justice dwells, it is sufficient to authorize him to issue the writ, and to try the cause. The writ in this case alleges the taking and detaining to have been in the town of Warwick, wherein the justice who issued the writ dwelt. It alleges a case therefore within the jurisdiction of the justice. The plea of the defendant, that he did not take

or detain the goods and chattels in manner and form as alleged, put in issue every material allegation of the plaintiff; and, as this is a local action, depending upon the place of taking, the allegation of *the place* was material to the plaintiff's recovery in the suit. This, it was necessary for the plaintiff to prove, as well as a taking by defendant. The question to be determined was one of fact. If the plaintiff failed to prove it, judgment must be for the defendant, for a return and restoration, and for damages. If he failed to offer any proof upon that point, he might be nonsuited. But the matter of complaint was clearly within the jurisdiction of the justice—a taking in the place of his residence ; and his power was, to determine, upon the proof, as well the place of taking, as the fact of taking.

The defendant claims, that this cause is not to be treated as if dismissed; and that the fact, that a judgment was rendered by the court for a return and restoration of the property, shows, that notwithstanding the order to dismiss, it was not, in fact, dismissed ; and, as the judgment which followed was such as would follow a judgment of nonsuit, and is, besides, such a judgment, as upon all the facts disclosed, ought to have been rendered, and, as justice would require, it should be treated by this court as a nonsuit, and not as a dismissal.

That the final judgment rendered in this case is such as ought to have been rendered upon the facts as they appear to have been proved on the trial, we see no reason to question ; and if we were at liberty to treat this cause, after the order to dismiss, as still before the court for any judgment thereon, we should not be inclined to disturb the judgment given for the defendant. But the bill of exceptions leaves no such option. It states, positively, that the case was ordered to be dismissed ; and is allowed by the judge who tried the cause. We must assume that it was so dismissed, and that, because, in the opinion of the court, there was no jurisdiction ; and the question remains, whether the judgment rendered thereafter is rightly rendered, or whether any judgment could thereafter be rendered in the cause ; and we think that, clearly, it could not. The case was dismissed for want of jurisdiction, and because the court had no power to award judgment; and it is well settled,

that if a court have no jurisdiction of a cause, it can render no judgment thereon, even for costs. All it can do, is, to dismiss the parties to the proper forum, and decline any action upon it

*Exceptions sustained, and new trial ordered.*